## OPINION OF THE JUSTICES.

Supreme Court of Delaware.

Feb. 17, 1976.

To His Excellency Sherman W. Tribbitt Governor of Delaware:

Reference is made to your letter, dated and received February 13, 1976, containing the following requests for the opinions of the Justices of the Supreme Court under 10 Del.C. § 141: [1]

"Article III, Section 9 of the Delaware Constitution of 1897, reads in pertinent part as follows:

"'. . . He shall have power to fill all vacancies that may happen during the recess of the Senate in offices to which he may appoint, . . .'.

"Title 5, Delaware Code § 930 states:

"'Any vacancy occurring in the directorship of the Farmers Bank of the State of Delaware and its branches on the part of the State shall be filled by the governor.'.

"Title 5, Delaware Code, § 929 states in pertinent part:

"'(a) The directors of the Farmers Bank . . . on the part of the State shall make a report in writing to the Governor, . . . during the month of December in each year, . . .

"'(b) . . .

"'(c) A failure upon the part of the directors to perform the duties imposed by this Section shall work a forfeiture of the office of director.'.

"I have not received the report of December, 1975, and have ascertained that the Bank's officers did not supply that information for the directors on the part of the State to submit the report to the Governor.

"Pursuant to 10 Delaware Code, § 141 and 29 Delaware Code, § 2102, I request your opinion as to my power under Article III, Section 9 of the Delaware Constitution of 1897, to appoint directors on the part of the State to replace those directors on the part of the State who were serving at the time the required report should have been submitted, the last day being December 31, 1975."

The letter of request contained the following supplemental information:

"I have received information that only the directors on the part of the State sign the report herein contemplated.

"I have further been advised that the type of information to be contained in the report is found in greater detail in the Bank Examiner's audit, the audit of the Federal Deposit Insurance Corporation and in the Annual Report of the Farmers Bank of the State of Delaware.

"I find the matter of the problems of Farmers Bank to be of the utmost urgency, * * *. The particular need for resolution of this request is heightened by the fact that the next Board of Directors' meeting is next Thursday.

"Your earliest consideration of this request will be of inestimable benefit to the people of the State of Delaware."

1. 10 Del.C. § 141 provides in part:
"The Justices of the Supreme Court, whenever the Governor of this State may require it for public information, or to enable him to discharge the duties of his office with fidelity, may give him their opinions in writing touching the proper construction of any provision in the Constitution of this State * * *."

In view of the stated urgency of the matter, we make the following reply without the assistance of counsel and to the best of our abilities within the time available.

■ We are of the opinion that a Farmers Bank directorship "on the part of the State" (hereinafter "State" directorship) [2] is an "office" within the scope of Del.Const. Art. III, § 9. The question presented thus requires a construction of provisions of Art. III, § 9 in their application to 5 Del.C. §§ 929 and 930.

■ A prerequisite to any exercise of the Governor's power under Art. III, § 9 is the existence of a "vacancy". Thus, the ultimate problem in the question presented is this: When does a vacancy actually occur under the provisions of §§ 929 and 930? There is no explicit answer to that question in the Statute; there is ambiguity in this regard; accordingly, statutory construction is required. In the absence of statutory history or other guideline, we must interpret the pertinent provisions of § 929 in accordance with our views of the most reasonable assumptions, as to legislative intent, to be drawn from the language used.

Our conclusions in this regard are as follows:

■ (1) § 929(a) requires that the report show "the resources and liabilities of the Bank and its branches during the month of December in each year". This means, in our interpretation of the statutory language in its context, a report of assets and liabilities as of the end of the calendar year, to be made to the Governor at some date thereafter.

(2) There is no provision in § 929 for a deadline date by which the report must be made to the Governor. In the absence thereof, a reasonable time for making the report must be assumed.

■ Thus, there can be no "failure" in duty, or consequent "forfeiture" of office, under § 929(c), until the expiration of a reasonable time after the close of the calendar year.

■ (4) It is the duty of the Governor to require compliance with § 929 within a reasonable time.

■ (5) The determination of (a) the expiration of such reasonable time; (b) the resulting "failure"; and (c) the consequent "forfeiture", is a function of the Governor.

■ (6) Upon such determination, it is the Governor's duty to declare a "forfeiture" of office under § 929(c), thereby creating a "vacancy" which it becomes his duty under § 930 to fill forthwith, for the unexpired term, in order to assure continuity of the State directorships within the scheme of the Charter of the Bank.

Unless and until there is such declaration by the Governor of forfeiture and vacancy, there is no interruption or change in the status or authority of the incumbent, and no vacancy in office.

In summary, we think it wholly unreasonable to assume that the Legislature intended the possibility of an automatic and total divestiture of the offices of all the State directors, and of one-third of the entire Board of Directors of the Bank, upon a ministerial failure such as the failure to file, before a date certain, a report of the type and nature here involved.

Upon the basis of the foregoing, it is our opinion that the Governor is empowered, under Art. III, § 9, to fill any vacancy in a

---

2. Under the Charter of the Bank, there are 27 directors, 9 chosen by the General Assembly and 18 elected "by the stockholders by a plurality of the votes". The 9 State directors serve for a term of 2 years "from the date of election, or until their successors have been duly appointed to succeed them" ; the other 18 directors have 3 year terms. All directors have equal powers and duties.

State directorship "that may happen during the recess of the Senate" by reason of the Governor's declaration of a forfeiture of office under 5 Del.C. § 929, as herein interpreted.

The foregoing is the unanimous opinion of the Justices.

Respectfully submitted,

DANIEL L. HERRMANN
   Chief Justice
WILLIAM DUFFY
JOHN J. McNEILLY
   Associate Justices